*[NOT FOR PUBLICATION]*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Case No. GG 14-04308-jtg |
| ERVIN E. ROSE, | Chapter 13 |
| Debtor. | Hon. John T. Gregg |
| _____/ | |
| In re: | Case No. GG 14-06384-jtg |
| MICHAEL B. SZYMANSKI and PENNY D. SZYMANSKI, | Chapter 13 |
| | Hon. John T. Gregg |
| Debtors. | |
| _____/ | |

**OPINION REGARDING
CONFIRMATION OF CHAPTER 13 PLANS**

These matters come before the court in connection with (i) confirmation of the Original Chapter 13 Plan filed by Ervin E. Rose, debtor in the above-captioned case ("Mr. Rose"), and (ii) confirmation of the Original Chapter 13 Plan filed by Michael B. Szymanski and Penny D. Szymanski, debtors in the above-captioned case (collectively, the "Szymanskis", and together with Rose, the "Debtors"). For the reasons set forth herein, the court shall deny confirmation of the Plans (as defined below) without prejudice.

**JURISDICTION**

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

## **BACKGROUND**

After filing petitions for relief under Chapter 13 of the Bankruptcy Code, the Szymanskis and Mr. Rose each filed an Original Chapter 13 Plan (as amended, the "Plans"). Both Plans are based on the model plan for the Western District of Michigan (the "Model Plan") pursuant to Local Bankruptcy Rule 3015.

Section IV.P of the Plans contains numerous additional provisions, including a provision permitting the Debtors to amend their Schedules, a limitation with respect to written notice if a party already receives electronic notice, the effective date of the Plans, modification of the application of payments made to mortgage holders and related provisions, payment of income tax refunds, and a grant of standing to the Debtors to pursue causes of action under Chapter 5 of the Bankruptcy Code. (Plans at § IV.P)[1]

The court scheduled hearings on confirmation of both Plans for November 26, 2014. At the hearings, the court expressed concern that several of the additional provisions were unnecessary, duplicative, rendered other provisions in the Plans ambiguous, and/or attempted to modify sections of the Bankruptcy Code or other applicable law. For example, the court noted that the Debtors may, as a matter of course, amend their Schedules or seek to modify their Plans before or after confirmation to, among other things, classify a claim. Such additional provision would also seemingly conflict with the authority to classify a claim already granted to the Chapter 13 trustee in the Plans. (*See* Plans at § IV.D.)

---

[1]     The additional provisions in both Plans appear, for the most part, to be identical; however, the Plan filed by the Szymanskis, but not the Plan filed by Mr. Rose, contains a provision regarding payment of administrative expenses, including attorneys' fees, and the potential impact thereof on distributions to creditors.

The court also questioned the need to include a limitation on notice for those creditors and other parties in interest who receive documents filed with the court via ECF.  *See* LBR 5005-4(a). The court wondered whether an additional provision in the Szymanskis' Plan informing parties in interest that the base to unsecured creditors would be reduced by administrative expenses, including attorneys' fees, was necessary.  The court observed that such additional provision would be duplicative of Section III.F of the Plan.[2]

The court also expressed reservations regarding the following additional provisions, which the Debtors informed the court were critical to their respective particular needs:

- The effective date of the plan shall be the date of the Order confirming this Plan, as amended prior to the Order.  (Rose Plan at § IV.P.3; Szymanski Plan at § IV.P.4.)

- Confirmation of the Plan shall impose a duty and a legal obligation on the holders and/or the servicers of any claims secured by liens and mortgages on residential real property to apply the payments received from the Trustee to the continuing monthly payments and on the pre-petition arrearages, if any, and only to such continuing payments and arrearages.  Any violation of this provision may be determined to be a violation of 11 USC §524(i) in the event that the mortgage loan or loans is not serviced in a manner in compliance with this provision of the Plan and to the extent improper servicing results in improper fees and charges of totaling more than $50.00.  The Debtor further specifically invokes and intends for this Plan provision to invoke and to reserve to the Debtor the provisions of 11 USC §524(i). (Rose Plan at § IV.P.4; Szymanski Plan at § IV.P.5.)

- Debtor, to the extent permitted under the Bankruptcy Code, shall have standing to commence turnover actions under 11 USC §542, to assert strong-arm powers under 11 USC §544, to avoid statutory liens under 11 USC §545, to recover preferences under 11 USC § 547 and/or to avoid fraudulent conveyances under 11 USC §548, and in furtherance thereof to commence adversary proceedings. The debtor acknowledges that Bankruptcy Code §§544, 545, 547, 548, 549 and 550 provide the trustee with certain avoidance powers subject to limitations included in those sections and in Bankruptcy Code §546.  The Debtor also

---

[2]   In hindsight such provision would also render the Plan ambiguous.  Section III.F provides that the base devoted to unsecured creditors of $500.00 shall not be reduced by the liquidation value set forth in Section I.B.  Section I.B, in turn, states that the liquidation value is $0.00.  As such, the additional provision is in conflict with Section III.F. The Szymanskis may wish to consider stating that the additional provision applies notwithstanding anything to the contrary contained in the Plan.

acknowledges that Bankruptcy Code §551 preserves certain avoided transfers for the benefit of the estate to the extent the avoided transfer represents property of the estate. Confirmation of the Debtor's plan shall not limit the exercise of the trustee's or the Debtor's avoidance powers. (Rose Plan at § IV.P.6; Szymanski Plan at § IV.P.7.)

The court therefore invited the Debtors to file briefs in support of these additional provisions. On January 8, 2015, the court conducted a consolidated hearing, at which counsel for the Debtors appeared.

## DISCUSSION

As an initial matter, in their briefs, the Debtors seem concerned that the court raised issues with the Plans *sua sponte*. However, bankruptcy courts are required to review Chapter 13 plans, including any additional provisions that may be included therein, to ensure that they comport with the Bankruptcy Code and other applicable law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n.15 (2010).

As set forth in the Local Bankruptcy Rules and absent "exceptional circumstances," Chapter 13 debtors in the Western District of Michigan are required to use the Model Plan. LBR 3015(d)(1). The use of the Model Plan allows Chapter 13 trustees to efficiently administer cases while reducing costs to all parties in interest. *See In re Russell*, 458 B.R. 731, 735 (Bankr. E.D. Va. 2010). In particular, parties in interest are more "readily [able to determine] the effect of confirmation on their claims and the duties that confirmation imposes on them." *In re Poff*, 2012 WL 7991472, at *1 (Bankr. S.D. Ohio Mar. 16, 2012) (quoting *In re Jackson*, 446 B.R. 608, 611 (Bankr. N.D. Ga. 2011)).

The Model Plan may be modified by including additional provisions:

> Absent exceptional circumstances, a Chapter 13 debtor must use the model plan but *may make modifications to the plan to meet his or her particular needs*. If a modification is made, the modification must be conspicuously described in Section IV.P of the model plan unless the modification has

> otherwise been excepted from disclosure by the Chapter 13 trustee assigned to the case.

LBR 3015(d)(1) (emphasis added).  Additional provisions should not be included in the plan unless directly applicable to a debtor's situation.   As one court has noted, "'[t]he form plan needs no additional boilerplate language.'"  *In re Poff*, 2012 WL 7991472, at \*1 (Bankr. S.D. Ohio Mar. 16, 2012) (quoting *In re Walter*, 2008 Bankr. LEXIS 1039, at \*3-4 (Bankr. D.S.C. April 10, 2008)). Another court has stated as follows regarding additional provisions:

> Even if additional provisions do nothing more than restate parties' rights under the law, including [the] Bankruptcy Code and Rules, they thwart the goal of providing individuals with a streamlined method for reorganizing their debts.  Further provisions which do nothing more than restate rights and responsibilities are not "alterations as may be appropriate to suit the circumstances."   Such restatements are unnecessary, likely to be misleading, and will not be permitted.  In the future should counsel or debtors insert miscellaneous or additional provisions in chapter 13 plans, they must state in the provision what special circumstances justify their inclusion.

*In re Solitro*, 382 B.R. 150, 152-53 (Bankr. D. Mass. 2008).

As a general proposition, this court agrees that additional provisions should not restate settled law, reiterate rights under the Bankruptcy Code and applicable rules, conflict with other provisions of the Model Plan or otherwise render provisions of the Model Plan ambiguous or superfluous.  That being said, in some instances, a debtor may need to modify the Model Plan in order to carry out his or her reorganization efforts and provide the best opportunity for a fresh start upon completion of the plan and entry of the discharge.

Some additional provisions are, of course, self-explanatory.  The court has on several occasions recognized the benefit derived from certain additional provisions which aid in administration of a case and reduce expenses without unfairly prejudicing rights of parties in interest.  The court is also mindful that certain additional provisions may be justified where the

lack of an additional provision may create hardship for a debtor or even a debtor's attorney, such as notice limitations or similar protections. *See*, *e.g.*, *In re Hamilton*, 493 B.R. 31, 43-44 (Bankr. M.D. Tenn. 2013).

Other additional provisions are more substantive in nature. These provisions require not only technical drafting, but also a detailed explanation to ensure that the reasons for the additional provision are apparent to parties in interest and the court. Where a debtor seeks substantive relief, the debtor should carefully consider whether such relief directly relates to the plan, or whether a separate motion (or adversary proceeding) is required. To some extent, this court shares the view of the court in *Solitro*. When including an additional provision, a debtor should attempt to identify any special circumstances as well as any pertinent authority upon which the relief requested is based.

The court now turns to the three additional provisions proposed by the Debtors in their Plans. With respect to the first provision regarding the effective date of the Plans, the court notes that other courts have routinely held that the effective date of a plan is the date upon which an order is entered by the court on its docket. *See*, *e.g.*, *In re Gibson*, 415 B.R. 735, 738 (Bankr. D. Ariz. 2009) (citing *Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai)*, 581 F.3d 1090, 1100-01 (9th Cir. 2009)); *In re Cupolo*, 2013 WL 486338, at *3 (Bankr. E.D. Ky. Feb. 5, 2013). This court tends to agree. Nonetheless, after conducting some independent research prior to issuing its scheduling order, this court acknowledges that a strained interpretation could recognize otherwise. The additional provision proposed by the Debtors is not duplicative, nor does it unnecessarily recite an express section of the Bankruptcy Code or other applicable law. As such, the court finds that the Debtors have demonstrated a need for this provision (consistent with the court's general comments in the scheduling order) based on the Debtors' particular circumstances in these cases.

In their briefs and at the hearing, the Debtors indicated that they were no longer seeking to include an additional provision regarding the Debtors' ability to pursue Chapter 5 causes of action and related relief. The court will therefore only briefly comment that such a blanket provision capturing any and all causes of action would be improper, because it would be duplicative, arguably conflict with applicable law, unnecessarily restate certain sections of the Bankruptcy Code and rights thereunder, and conflict with Section IV.M of the Plans. *See* 11 U.S.C. §§ 542-551; *Rugiero v. Nationstar Mortgage, LLC*, 580 Fed. Appx. 376, 378 (6th Cir. 2014). This is not to say that a debtor can never participate in prosecution of a cause of action held by the estate. Rather, the additional provision proposed by the Debtors in these cases was superfluous because neither Mr. Rose nor the Szymanskis identified any causes of action to which this provision would apply.

Finally, the court will address the additional provision requiring, among other things, first priority mortgage holders and their servicers to apply payments in a certain manner. The Debtors in both cases have elected to make payments to first priority mortgage holders pursuant to section 1322(b)(5) by bifurcating payments between prepetition arrears and ongoing post-petition installments as they come due under the note/mortgage. The Debtors argue that although the Model Plan establishes a means by which distributions are to be made, the Model Plan neglects to state a means by which application of those distributions is to occur.

In general, courts have found an additional provision regarding the application of payments to be unnecessary where separate treatment is already included in the plan pursuant to the cure and maintain provisions of section 1322(b)(5). *See*, *e.g.*, *In re Poff*, 2012 WL 7991472, at *6 (Bankr. S.D. Ohio Mar. 16, 2012) (collecting cases). On a preliminary basis, this court tends to agree. The

requirement is seemingly inherent in the Model Plan itself.  That being said, the Debtors cannot be faulted for seeking clarification on this issue.  At least one court has held that absent a specific directive, provisions in plans similar to Section III.C.1 of the Model Plan may not require the application of payments in a certain manner.  *See Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 49 (1st Cir. 2008).  The court recognizes the Debtors' approach as one of precaution based on their specific circumstances as detailed at the hearing and in their briefs.  The court finds that the Debtors have sufficiently demonstrated that the proposed additional provision meets the particular needs of the Debtors in these cases.  The court shall therefore permit the additional provision, albeit in a modified form.

At the hearing, the court observed that the additional provision proposed by the Debtors is somewhat unclear.  The court noted that the Debtors' intent seems to be to require the mortgage holder/servicer to apply payments as designated by the Chapter 13 trustee.  The additional provision included within the Debtors' Plans does not state that the mortgage holder/servicer shall adhere to the directive of the Chapter 13 trustee when he or she provides payment.  The court encourages the Debtors to consider revising the language to state that distributions shall be applied only to prepetition arrearages and ongoing post-petition obligations as designated by the Chapter 13 trustee pursuant to the confirmed Plans.[3]

Although not addressed in great detail, the Debtors also suggest that they need an additional provision granting the Debtors rights under section 524(i) of the Bankruptcy Code.[4]  The court disagrees.  Section 524(i) already provides rights to a debtor in the event certain violations occur.

---

[3]     The court declines to offer specific language to that effect, as the Debtors are represented by competent counsel who adequately explained the Debtors' concerns and intent at the hearing.  The court found the explanations of Debtors' counsel both helpful and insightful.

[4]     The Debtors attached an article in support of their position, but did not discuss this issue in detail in their briefs.

In this court's view, to restate rights under section 524(i) is unnecessary, just as it would be improper to expand those rights. As such, the court declines to confirm a plan with such language.

## CONCLUSION

In closing, the court issues a word of caution with respect to additional provisions in general. When including an additional provision, counsel should carefully consider the ramifications with respect to each particular debtor, both at the time of confirmation and in the future. While a boilerplate additional provision may seem benign at confirmation, the debtor may later suffer unanticipated consequences from the inclusion of the provision. Similarly, while one debtor may benefit from an additional provision, another will not. In other words, additional provisions do not lend themselves to a "one size fits all" approach. Sometimes it is best to leave an issue (or perhaps a non-issue) unaddressed, particularly one with unknown consequences.

For the foregoing reasons, the court shall deny confirmation of the Plans without prejudice. The court shall enter a separate order in each case consistent with this Opinion and granting the Debtors additional time to file amended Plans.

**Signed: January 12, 2015**





John T. Gregg
United States Bankruptcy Judge